**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4069

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIELLE BLAKE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:05-cr-01323)

Submitted: January 31, 2008          Decided: July 23, 2008

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas E. Vanderbloemen, GALLIVAN, WHITE & BOYD, PA, Greenville, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Alston C. Badger, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danielle Blake pled guilty, pursuant to a written plea agreement, to one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A)(iii) (West 2000 & Supp. 2007). At the sentencing hearing, pursuant to the terms of the plea agreement, the Government moved for an upward departure from the advisory guidelines sentence of 120 months' imprisonment. The district court granted the motion and sentenced Blake to 300 months' imprisonment. Blake timely appealed his sentence. The Government moved to dismiss based upon a waiver of appellate rights in the plea agreement. For the reasons that follow, we deny the Government's motion to dismiss and affirm Blake's sentence.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we examine the "totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). The question of whether a defendant validly waived his right to appeal is an issue of law that we review de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Rule 11 specifically imposes upon a district court the duty to inform the defendant and determine that he understands "the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). Here, the district court failed to specifically discuss with Blake the appeal waiver provision in his plea agreement. The only reference to that provision occurred during the prosecutor's summary of the entire agreement. Although Blake stated he had discussed the agreement with his attorney before signing it, and his initials appear next to the waiver provision in the written agreement, the hearing transcript does not demonstrate the degree to which Blake understood, if at all, the importance of the waiver of appellate rights.

Blake's background, education, experience and conduct before the district court, however, indicate that Blake did not understand the significance of the waiver. The PSR noted Blake had only an eighth grade education and no prior experience in the criminal justice system. The probation officer noted Blake was a poor historian, often did not understand the questions being asked, and was confused. The report of Blake's competency test indicated Blake was a "low functioning person in terms of overall intellectual ability," although it also suggested Blake may have been exaggerating cognitive defects in order to avoid legal

consequence. Finally, Blake's brief allocution before the sentencing judge was nearly unintelligible.

In light of Blake's demonstrated mental deficiencies, and because the district court did not specifically question Blake about the waiver, we find that the totality of the circumstances indicates Blake's appeal waiver was not knowing and voluntary. Accordingly, we deny the Government's motion to dismiss based upon the waiver.

Turning to the sentencing challenge, we review Blake's sentencing for abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 597 (2007). First, we examine the sentence for significant procedural error. Id. Assuming the decision was procedurally sound, we then consider the substantive reasonableness of the sentence. Id. In doing so, we take into account the totality of the circumstances, including the extent of any deviation from the guidelines range, but we must also "give due deference to the district court's decision that the [28 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." Id. Even if we would have reached a different sentencing result on our own, this fact alone is insufficient to justify reversal of the district court. Id.

The parties agree that the district court properly calculated the guidelines sentence of 120 months' imprisonment. Blake argues that the district court procedurally erred by failing

to adequately justify a sentence two and one-half times the guidelines range, particularly when he had no criminal history, realized no benefit for his acceptance of responsibility, and was recognized by the district court as being merely a "follower."

In considering the Government's motion for upward departure, the district court first found that the circumstances of the charged offense resulted in significant physical injury. Such significant physical injury supported an increase of Blake's sentence above the Guidelines range. See U.S. Sentencing Guidelines Manual ("USSG") (2005) § 5K2.2. Notwithstanding the fact that Blake was not the shooter, the victim's injuries alone may be sufficient to support Blake's 300-month sentence under the law of this Court. See United States v. Scheetz, 293 F.3d 175, 191 (4th Cir. 2002).

In addition, the district court found both Blake and his co-defendant responsible for the shooting death of Ashton Coggins, uncharged conduct that supported a further increase in Blake's sentence. See USSG § 5K2.21. The court considered the various factors under 28 U.S.C. § 3553(a) (2000), noting that both defendants' sentences would reflect the seriousness of their offenses, the need for adequate deterrence, just punishment, and the need to protect the public from further crimes by these two defendants. Finally, the court noted the defendants' need for

educational training and recommended that both obtain their GED while incarcerated. We find no procedural error.

Substantively, we find that the district court did not abuse its discretion. The Sentencing Commission has not provided district courts with any specific guidance for determining the extent of a departure governed by the policy statements in USSG § 5K2.0. See United States v. Davis, 380 F.3d 183, 194 n.12 (4th Cir. 2004). While representing a substantial departure, Blake's sentence did not exceed the sentence that would result under the Guidelines if he had been convicted of the same offense in connection with the Coggins exchange. See 18 U.S.C. § 924(c)(1)(C), (D). Whether or not we may have reached a different sentencing result on our own, any such determination is insufficient to justify reversal of the district court. Gall, 128 S. Ct. at 597.

We therefore affirm Blake's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED